IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) Case No. 14 CR 155-5 |
| v. | ) |
| | ) |
| | ) |
| MARIO WHITFIELD. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendant Mario Whitfield has moved for a judgment of acquittal or, in the alternative, for a new trial. For the reasons explained in detail below, the Court denies Defendant's motion.

## BACKGROUND

On September 17, 2015, a grand jury returned a fifteen-count Third Superseding Indictment (the "Indictment") against Defendant and his co-defendants, Toby Jones and Kelsey Jones. (R. 216, the Indictment.) The Indictment charged Defendant, also known as "Rio," and "Smoke" and "Smitty," in one of the fifteen counts. Specifically, Count Fifteen of the Indictment charged Defendant Whitfield with, knowing that Toby Jones had committed an offense against the United States, receiving, relieving, comforting, and assisting Toby Jones in order to prevent his apprehension, trial and punishment, in violation of Title 18, United States Code, Section 3.

Defendant proceeded to a nearly two-week bench trial on Count Fifteen. Co-Defendant Toby Jones also proceeded with a bench trial during this time and co-defendant Kelsey Jones proceeded with a simultaneous jury trial.

During the trial, the government called the following witnesses relevant to Defendant Whitfield: Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Special Agent Chris Labno, Jamie Ringswald, Mark Ringswald, Sprint Records Custodian Ray Clarke, Christy Miskell, ATF Special Agent Kevin Schuster, United States Secret Service ("SS") Special Agent Michael Saccomen, and Tim Kucharski. Defendant did not call any witnesses and did not testify at trial.

The Court found Defendant guilty on Count Fifteen of the Indictment. Defendant now moves for a judgment of acquittal or new trial, pursuant to Federal Rules of Criminal Procedure 29 and 33. (R. 321.)

**LEGAL STANDARD**

I.     **Motion for Judgment of Acquittal – Rule 29**

Rule 29(a) provides that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When, as here, a defendant makes a Rule 29(a) motion at the close of the government's case, and the court reserves decision, the court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

The Seventh Circuit reviews "a claim that a district court's verdict after a bench trial is unsupported by the evidence with the same deferential standard that applies to a jury verdict" and will "reverse only if, after viewing the evidence in the light most favorable to the government, it "determine[s] that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Doody*, 600 F.3d 752, 754 (7th Cir. 2010). "In challenging the sufficiency of the evidence, [a defendant] bears a heavy, indeed, nearly

insurmountable, burden." *United States v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010); *see also United States v. Jones*, 713 F.3d 336, 339-40 (7th Cir. 2013); *United States v. Berg*, 640 F.3d 239, 246 (7th Cir. 2011); *United States v. Dinga*, 609 F.3d 904, 907 (7th Cir. 2010); *United States v. Morris*, 576 F.3d 661, 665-66 (7th Cir. 2009). Indeed, a "defendant faces an uphill battle in challenging the sufficiency of the evidence." *United States v. Orlando*, 819 F.3d 1016, 1021 (7th Cir. 2016). The reviewing court will view the "evidence in the light most favorable to the prosecution," and the defendant "'must convince' the court that, even in that light, 'no rational trier of fact could have found him guilty beyond a reasonable doubt.'" *Warren*, 593 F.3d at 546 (quoting *United States v. Moore*, 572 F.3d 334, 337 (7th Cir. 2009)); *see also United States v. Rahman*, 805 F.3d 822, 836 (7th Cir. 2015). In other words, a court will "set aside a jury's guilty verdict only if 'the record contains no evidence, regardless of how it is weighed,' from which a jury could have returned a conviction." *United States v. Presbitero*, 569 F.3d 691, 704 (7th Cir. 2009) (quoting *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)); *see also Warren*, 593 F.3d at 546. It follows that under Rule 29, courts "do not reassess the weight of the evidence or second-guess the trier of fact's credibility determinations." *United States v. Arthur*, 582 F.3d 713, 717 (7th Cir. 2009); *see also United States v. Severson*, 569 F.3d 683, 688 (7th Cir. 2009).

## II. Motion for a New Trial – Rule 33

Rule 33 of the Federal Rules of Criminal Procedure provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a); *see also United States v. Berg*, 714 F.3d 490, 500 (7th Cir. 2013); *United States v. Smith*, 674 F.3d 722, 728 (7th Cir. 2012) (reviewing a district court's order on a Rule 33 motion for abuse of discretion); *United States v. McGee*, 408 F.3d

966, 979 (7th Cir. 2005). "'[C]ourts have interpreted [Rule 33] to require a new trial in the interests of justice in a variety of situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial.'" *United States v. Eberhart*, 388 F.3d 1043, 1048 (7th Cir. 2004) (quoting *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989)), *overruled on other grounds*, 546 U.S. 12, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005).

"'A … verdict in a criminal case is not to be overturned lightly,'" however, "'and therefore a Rule 33 motion is not to be granted lightly.'" *Eberhart*, 388 F.3d at 1048 (quoting *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994)). The court "may grant a new trial if the jury's verdict is 'so contrary to the weight of the evidence that a new trial is required in the interest of justice.'" *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999) ("The focus in a motion for a new trial is not on whether the testimony is so incredible that it should have been excluded. Rather, the court considers whether the verdict is against the manifest weight of the evidence, taking into account the credibility of the witnesses."); *see also United States v. Chambers*, 642 F.3d 588, 592 (7th Cir. 2011). In other words, "[t]he court should grant a motion for a new trial only if the evidence 'preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007) (quoting *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989)); *see also Presbitero*, 569 F.3d at 706.

## ANALYSIS

As an initial matter, Defendant has not developed any of his arguments. Instead, he has raised them in perfunctory, one-sentence assertions. Because he has not developed any of these arguments, he has waived them. *See United States v. Hassebrock,* 663 F.3d 906, 914 (7th Cir. 2011) (finding the argument was "decidedly underdeveloped and therefore waived"); *United*

4

*States v. Foster,* 652 F.3d 776, 792 (7th Cir. 2011) ("As we have said numerous times, undeveloped arguments are deemed waived [.]") (internal quotation marks and citation omitted). *See also Willis v. Lepine,* 687 F.3d 826, 836 (7th Cir. 2012) ("Merely reciting the Rule 59(a) standard and then tossing the motion into the court's lap is not enough. Failure to adequately present an issue to the district court waives the issue on appeal."); *United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived ..."). Despite Defendant's waiver, the Court will address each argument to the extent possible. In addition, the Court incorporates by reference its prior rulings on these issues.

**I.    The Evidence Was More than Sufficient to Convict Defendant**

Defendant Whitfield is charged in Count 15 with accessory after the fact. Specifically, he was charged with on or about April 19, 2014, "knowing that an offense against the United States had been committed, namely, that Toby Jones knowingly and intentionally distributed a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), received, relieved, comforted and assisted Toby Jones in order to hinder and prevent his apprehension, trial and punishment, in violation of Title 18, united States Code, Section 3." (R. 216.) "Accessories after the fact are ones who give aid after the criminal endeavor has ended to keep the one aided from being caught or punished." *United States v. Irwin*, 149 F.3d 565, 571 (7th Cir. 1998). In order to prove Defendant Whitfield guilty of accessory after the fact as charged in Count 15, the government had to prove the following elements beyond a reasonable doubt: 1) Toby Jones had committed the crime of drug distribution, 2) Defendant Whitfield knew that Toby Jones had committed the crime of drug distribution, and 3) Defendant Whitfield assisted Toby Jones in some way with the intent to obstruct or prevent Toby Jones from being arrested, prosecuted or

punished.  *See United States v. Osborn*, 120 F.3d 59, 63 (7th Cir. 1997).  "The defendant merely needs to know about the conduct underlying the crime, not that the conduct itself constituted a crime against the United States."  *United States v. Vanschoyck*, 309 F. App'x 23, 26 (7th Cir. 2009).

Regarding the first element, the government overwhelmingly proved beyond a reasonable doubt that Toby Jones committed the crime of drug distribution.  The government introduced video evidence, audio recordings, confidential informant testimony, cooperating witness testimony, and extensive phone records to easily establish this element.  Defendant does not provide any argument to contest this element.

The government also proved beyond a reasonable doubt that Defendant Whitfield knew that Toby Jones was distributing drugs.  On September 4, 2015, Agent Labno interviewed Defendant Whitfield for approximately 45 minutes.  Agent Labno credibly testified about their conversation.   Whitfield admitted that he knew Toby Jones, who he referred to as "Smitty."  He also identified Toby Jones in a photo lineup.  Whitfield told the agents that he and Toby Jones were friends and that he met him on the street on the West Side.  During the interview, Defendant admitted to Agent Labno that Toby Jones "had explained to him that one of his workers, one of the people who sold drugs for him had traded some drugs for some guns and that the guy was arrested." (Labno testimony.)  This admission proves that he knew Toby Jones was distributing drugs.

Finally, the government proved beyond a reasonable doubt that Defendant Whitfield assisted Toby Jones in some way with the intent to obstruct or prevent Toby Jones from being arrested, prosecuted or punished.  Specifically, Whitfield drove Toby Jones around for several days to evade law enforcement and to prevent law enforcement from arresting and prosecuting

6

Toby Jones. During the September 4, 2015, interview, Whitfield gave a detailed admission that he knowingly assisted Toby Jones while he was a fugitive. Whitfield admitted to the agents that he had dropped Toby Jones and his girlfriend off at a hotel in Hillside, Illinois, and picked them up the day before they were arrested. He drove them in his red minivan. He picked them up again right before they were arrested and dropped them back at the hotel. Further, Whitfield confessed that he knew at the time he was driving Toby Jones and his girlfriend around that Toby Jones was on the run from federal law enforcement. Agent Labno explained that Whitfield specifically admitted "that Toby Jones told [him] that he had been also charged and he was trying to evade the police, evade law enforcement." (Labno testimony.) Whitfield helped him because "my guy was in trouble." (*Id.*) Agent Labno further explained that Whitfield told him that he drove Toby Jones and his girlfriend around "to help Toby evade law enforcement, being captured by the police, because he understood that they couldn't – he or his girlfriend – Toby or his girlfriend – couldn't drive around in their cars because the police knew what car they were driving." (*Id.*) In addition, Agent Labno observed Toby Jones and his girlfriend get into the red minivan driven by Whitfield while they were avoiding law enforcement.

Furthermore, as discussed below, the Court admitted an April 23, 2014 recorded conversation between Defendant and Toby Jones in which Defendant admitted to driving Toby Jones to and from a hotel during this time. He further tells Toby Jones that Jones should have taken some other actions to avoid being caught.

The evidence overwhelmingly demonstrated that the red minivan belonged to Whitfield, including the testimony of Tim Kucharski, the city employee who testified regarding the tow report on the red minivan and that fact that it was released to Whitfield. (Gov. Exs. Caravan documents 1-2.) Whitfield signed the report reflected that the red minivan was released to him.

7

(Gov. Ex. Caravan document 2.) The documents also linked the red minivan to Whitfield's address. (Gov. Exs. Caravan documents 3-5.) As the Court described in its ruling, the testimony of Christy Miskell, Jamie Ringswald and Mark Ringswald linked Defendant to the red minivan as well. Moreover, Defendant admitted that he was driving the red minivan. He also identified his telephone numbers which was the same telephone number used on Government Exhibit Caravan Document 3 and 5.

Viewing the evidence in the light most favorable to the government, a rational trier of fact could easily have found Defendant Whitfield guilty beyond a reasonable doubt of being accessory after the fact. Accordingly, the Court denies his motion for judgment of acquittal.

## II. The Court Did Not Commit any Errors

Defendant argues that the Court erred by admitting an April 23, 2014 recorded conversation between Defendant and Toby Jones because it was not relevant to the issue of whether Defendant knew on April 19, 2014 that Toby Jones was felling from arrest. This call was directly relevant to the charged conduct. Toby Jones placed the call – which took place four days after law enforcement arrested Toby Jones – to Whitfield while he was incarcerated at the Metropolitan Correctional Center ("MCC"). (Gov. Ex. April 23rd, 2014 Toby Jones/Mario Whitfield Phone Call). During the call, Defendant told Toby Jones that he should have had someone else sign him into "that joint," referring to the hotel where Defendant drove Toby Jones and his girlfriend to and from while Toby Jones was fleeing from law enforcement. Whitfield specifically refers to the "joint" as the place where he picked Jones up. His admission to driving Toby Jones to and from the particular hotel where Jones was hiding from law enforcement is directly relevant to his intent to help Jones evade law enforcement.

Defendant also argues that the Court erred in finding Defendant guilty beyond a reasonable doubt "where the evidence relied on certain oral admissions not supported by physical evidence." (R. 321 at 2.) Defendant, however, does not identify which oral admissions. Regardless, the law is clear that the Court can rely on testimonial evidence without supporting physical evidence.

Because the Court did not commit any errors, the Court denies the motion for a new trial.

## CONCLUSION

For the reasons discussed in detail above, the Court denies Defendant's motion for a judgment of acquittal or, in the alternative, for a new trial.

**Dated:** June 13, 2016

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**